UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| QJ TEAM, LLC, ET AL. | § | |
|---|---|---|
| | § | |
| v. | § | CIVIL NO. 4:23-CV-1013-SDJ |
| | § | |
| TEXAS ASSOCIATION OF REALTORS, INC., ET AL. | § | |
| JULIE MARTIN, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-1104-SDJ |
| | § | |
| TEXAS ASSOCIATION OF REALTORS, INC., ET AL. | § | |

**PRELIMINARY SCHEDULING ORDER**

The parties in *QJ Team, LLC, et al. v. Texas Association of Realtors, Inc., et al.*, 4:23-CV-1013-SDJ, (Dkt. #188), and *Julie Martin, et al. v. Texas Association of Realtors, Inc., et al.*, 4:23-CV-1104-SDJ, (Dkt. #218), have made identical filings concerning preliminary matters. Plaintiffs QJ Team, LLC and Five Points Holdings, LLC (collectively, the "*QJ Team* Plaintiffs"), Julie Martin, Mark Adams, and Adelaida Matta (collectively, the "*Martin* Plaintiffs"), and the "Stipulating Defendants,"[1] have

---

[1] The Stipulating Defendants are, in alphabetical order, ABA Management, L.L.C. d/b/a Allie Beth Allman and Associates; ATX WIR LLC; Austin Board of Realtors®; Austin/Central Texas Realty Information Service; Central Texas Multiple Listing Service, Inc.; CitiQuest Properties, Inc.; DMTX, LLC; DSJMM, LLC; Ebby Halliday Real Estate, LLC; Fathom Realty, LLC; Fort Hood Area Association of Realtors®, Inc.; Four Rivers Association of Realtors®, Inc.; Greater El Paso Association of Realtors®; Greater Fort Worth Association of Realtors®, Inc.; Greenwood King Properties II, Inc.; Hexagon Group, LLC; Heyl Group Holdings LLC; HomeServices of America, Inc.; Houston Association of Realtors®, Inc.; Houston Realtors® Information Service, Inc.; JP Piccinini Real Estate Services, LLC d/b/a JPA; Keller Williams Realty, Inc.; Keller Willis San Antonio, Inc.; Mark Anthony Dimas; MetroTex Association of Realtors®, Inc.; MJHM LLC; Moreland Properties, Inc.; North Texas Real Estate Information Systems, Inc.; PenFed Realty, LLC; Real Agent LLC; Realty Austin,

1

reached the following stipulations:[2]

- The *QJ Team* Plaintiffs filed a Class Action Complaint (the "*QJ Team* Complaint") in the action styled *QJ Team, LLC, et al. v. Texas Association of Realtors, Inc., et al.*, Civil Action No. 4:23-cv-01013-SDJ (the "*QJ Team*" case) on November 13, 2023;

- The *QJ Team* Complaint includes a claim under Section 1 of the Sherman Act based generally on allegations that Defendants have engaged in a conspiracy to require sellers of residential property in Texas to make inflated payments to the brokers or agents representing the buyers in the transactions;

- The Defendants in the *QJ Team* case have not responded to the *QJ Team* Complaint and the parties have not yet filed an initial status report;

- The *Martin* Plaintiffs filed a similar Class Action Complaint (the "*Martin* Complaint") in a separate action styled *Julie Martin, et al. v. Texas Association of Realtors, Inc., et al.*, Civil Action No. 4:23-cv-01104-SDJ (the "*Martin*" case) on December 14, 2023;

- The *Martin* Complaint names as defendants all of the defendants named in the

---

LLC; RFT Enterprises, Inc.; San Antonio Board of Realtors®, Inc.; San Antonio Legacy Group, LLC; Side, Inc.; Square MB, LLC; Team Burns, LLC d/b/a Monument Realty; Temple-Belton Board of Realtors®, Inc.; Texas Association of Realtors®, Inc.; The Dave Perry-Miller Company; The Loken Group, Inc.; Turner Mangum LLC; Victoria Area Association of Realtors®, Inc.; and Williamson County Association of Realtors®, Inc.

[2] By entering into this Stipulated Scheduling Order, no party waives, in this or any other action, any claims, counterclaims, defenses, affirmative defenses, rights (including arbitration), or arguments, whether stemming from common law, statute, or otherwise. This expressly includes not waiving the right to argue, now or in the future, that any such claims, counterclaims, defenses, affirmative defenses, or rights (including arbitration) were waived for any reason other than by solely entering into this Stipulated Scheduling Order.

*QJ Team* Complaint, plus an additional seventeen defendants;

- With the exception of the new plaintiffs and additional defendants included in the *Martin* Complaint, the allegations and claims in the *QJ Team* Complaint and the *Martin* Complaint are virtually identical;

- The Defendants in the *Martin* case have not responded to the *Martin* Complaint and the parties have not yet filed an initial status report;

- On December 27, 2023, the plaintiffs in two actions pending outside of this Court filed a motion pursuant to 28 U.S.C. §1407 (the "MDL Motion") before the U.S. Judicial Panel on Multidistrict Litigation (the "Panel") to transfer the *QJ Team* case, *Martin* case, and other cases to the U.S. District Court for the Western District of Missouri for coordinated or consolidated pretrial proceedings;

- On January 8, 2024, the Clerk of the Panel issued a briefing schedule that requires Responses to the MDL Motion to be filed on or before January 26, 2024, and Replies to be filed on or before February 2, 2024;

- Counsel for the *QJ Team* Plaintiffs, *Martin* Plaintiffs, and Stipulating Defendants have negotiated and agreed on certain deadlines that would be incorporated into a stipulated scheduling order for preliminary pretrial matters in the *QJ Team* and *Martin* cases; and

- On January 20, 2024, the Court issued an Order in the *QJ Team* case [ECF 186] that requires the *QJ Team* Plaintiffs and Stipulating Defendants to finalize and submit a stipulated scheduling order to the Court on or before January 29, 2024.

The *QJ Team* Plaintiffs, *Martin* Plaintiffs, and Stipulating Defendants have stipulated and proposed preliminary deadlines to the Court. 4:23-CV-1013-SDJ, (Dkt. #188 at 4); 4:23-CV-1104-SDJ, (Dkt. #218 at 4). The Court, after reviewing the proposed deadlines, approves the stipulation and enters this case-specific order, which applies to both the *QJ Team* case and the *Martin* case, and which controls the disposition of these actions pending further order of the Court.

It is therefore **ORDERED** that the following actions shall be completed in the *QJ Team* case and the *Martin* case by the dates indicated:

- On or before **February 15, 2024**, the *QJ Team* Plaintiffs and *Martin* Plaintiffs (collectively, the "Plaintiffs") shall file a Motion to Consolidate the *QJ Team* and *Martin* cases for all purposes under 4:23-cv-01013. Defendants agree and consent to the filing of the Motion to Consolidate as "unopposed;" provided, they are served with a copy of the motion prior to filing and consent to the relief it seeks.

- On or before **March 15, 2024**, Plaintiffs shall file a Consolidated Amended Complaint ("CAC"). The CAC will not be considered Plaintiffs' amended complaint "as a matter of course" under FED. R. CIV. P. 15(a)(1).

- On or before **May 15, 2024**, Defendants shall file any answers, motions to dismiss, or other responsive pleadings to the CAC.

- On or before **July 15, 2024**, Plaintiffs shall file any responses in opposition to any motions to dismiss.

- On or before **August 5, 2024**, Defendants shall file any replies addressing issues raised in Plaintiffs' responses to the motions to dismiss.

4

- On or before **August 26, 2024**, Plaintiffs shall file any sur-replies addressing issues raised in Defendants' replies to Plaintiffs' responses to the motions to dismiss.

- If the Panel has not ruled on the MDL Motion before May 15, 2024, the Parties agree to confer in good faith on reasonable additional extensions of the above May 15, July 15, August 5, and August 26, 2024 motion and briefing deadlines.

- If necessary, following the Court's rulings on any motions to dismiss, the Parties will confer in good faith on any additional pretrial deadlines and submit a proposed scheduling order to the Court.

   **So ORDERED and SIGNED this 31st day of January, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE